UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WAYNE FIORE, on his own behalf and others
similarly situated,

          Plaintiff,

-vs-                                                                 Case No. 2:09-cv-843-FtM-29SPC

GOODYEAR TIRE & RUBBER COMPANY, an
Ohio Corporation,

          Defendant.
_____

## **ORDER**

This matter comes before the Court on the Plaintiff, Wayne Fiore's Motion to Compel Responses to Interrogatories (Doc. #25) filed on May 18, 2010. The Defendant filed its Response in Opposition (Doc. # 31) on June 4, 2010. The Plaintiff filed a Notice of Supplemental Authority (Doc. # 34) on June 16, 2010. The Motion is now ripe for the Court's review.

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise a party upon whom interrogatories have been served has thirty days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories and request for production the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the order to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

The Plaintiff moves the Court to Compel better responses to interrogatories numbers 14 and 19. Interrogatory number 14 asks

> Please identify all employees of Defendant (including former employees) who were employed within the last 3 years as service managers at any location that Plaintiff or Opt-In Plaintiffs worked as service managers, and for each other service manager identified, please indicate their dates of employment as service managers and at which location they worked whether or not the other employees worked at the similar locations at the same time that Plaintiff and/or each of the Opt-In Plaintiffs did. In essence, identify all other service managers who worked at any location that Plaintiff and Opt-In Plaintiffs did within the last three years.

The Defendant objects to this request on the grounds that use of the phrase "all employees" was overbroad and unduly burdensome. The Defendant argues the request was irrelevant and premature because the Court has not yet ruled on the Motion for class certification. Finally, the Defendant notes that the information pertaining to non-parties was private and the information would not be turned over without a court order.

Similarly, interrogatory number 19 asked the Defendant to "[p]lease identify all other service managers who worked on or after April, 2008 at all of the locations that Plaintiff and opt-in Plaintiffs worked as service managers." The Defendant objects on the same grounds as the above listed objection to interrogatory number 14.

The interrogatories request the information of fellow service managers at the same locations where the Plaintiff and Opt-in Plaintiffs worked. The information is relevant to this case even prior to the Court ruling on the Plaintiffs' Motion for Class Certification because the individuals who held the same position will possess knowledge of the conditions that same or similarly situated individuals worked under in those specific locations. Thus, the Motion is due to be granted.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Wayne Fiore's Motion to Compel Responses to Interrogatories (Doc. #25) is **GRANTED**. The Defendant has up to and including **July 12, 2010**, to produce the full and complete answers to interrogatories numbers 14 and 19.

**DONE AND ORDERED** at Fort Myers, Florida, this   22nd   day of June, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record