**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

WAYNE FIORE, on his own behalf and others
similarly situated, and WARNER N. ELKINS,
CHARLES BOGGS, BRENDA D. SMITH,
CASEY HAMLIN, CHRISTOPHER
TIEDEMANN, SCOTT WANDELL, JAMES
BETTS, JUSTIN SPURLOCK, MICHAEL
HOFFMAN, RICHARD ANDERSON, MICHAEL
HONDLIK, SCOTT DUNN, BELA HALMI,
MISTY SANCHEZ, ERIK SHERMAN, APOLO
PLATON, as opt-in plaintiffs,

                Plaintiffs,

-vs-                                   Case No.  2:09-cv-843-FtM-29SPC

GOODYEAR TIRE & RUBBER COMPANY, an
Ohio Corporation,

                Defendant.

_____

**<u>ORDER</u>**

       This matter comes before the Court on Plaintiff's Motion to Compel Responses to

Plaintiff's First and Second Requests for Production and Answers to Plaintiff's First Set of

Interrogatories (Doc. #75) filed on October 8, 2010.  The Defendant filed a Response (Doc. #85)

on October 25, 2010, both parties stipulating to the timeliness, and therefore this motion is ripe

for review.

       Plaintiff has served two requests for production and a set of interrogatories.  Their First

Request for Production and First Set of Interrogatories were served on March 22, 2010.  (Doc.

#75 at 1-2).  Defendant served their Response to both the First Request to Produce and the First

Set of Interrogatories on April 30, 2010.  (Doc. #75 at 2).  The Plaintiff served their Second

Request for Production on June 4, 2010, and the Defendant served their Response to the Second

Request for Production on July 7, 2010.  (Doc. #75 at 2).  The Plaintiff is asking this Court to

overrule Defendant's objections and compel Defendant to answer requests #1, #2, #3, and #6 of

Plaintiff's Second Request for Production, request #23 of Plaintiffs First Request for Production,

and interrogatory #20 of Plaintiff's First Set of Interrogatories.

The Defendant claims it has properly and diligently complied with all interrogatories and

request for production.  (Doc. #85 at 1).  The Defendant asserts the Plaintiffs are seeking

discovery that is not relevant, overly broad, and burdensome, with no bearing on specific legal

issues in dispute.  Further, it claims Plaintiff's motion is misleading and misrepresents

communications between counsels.  Finally, Defendant claims Plaintiff's motion is moot as it

relates to certain documents and information, which have already been provided to the Plaintiff.

## Discussion

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged

material that is admissible or reasonably calculated to lead to admissible evidence.  Fed. R. Civ.

P. 26(b)(1).  Courts interpret relevancy "broadly to encompass any matter that bears on, or that

reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the

case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  Discovery requests are not

only limited to the issues raised in the pleading, nor limited only to evidence that would be

admissible at trial.  Id.  However, "discovery, like all matters of procedure, has ultimate and

necessary boundaries."  Id."Courts have long held that '[w]hile the standard of relevancy [in

discovery] is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of

relevancy and to explore matter which does not presently appear germane on the theory that it

might conceivably become so.'"   Henderson v. Holiday CVS, L.L.C., 2010 U.S. Dist. Lexis

80660 at *6 (S.D. Fla. 2010) (quoting Food Lion, Inc. v. United Food & Commercial Workers

Intern. Union, 103 F.3d 1007, 1012–13 (D.C. Cir. 1997)).

The Federal Rules state that, "[t]he party upon whom the request [for production] is

served shall serve a written response within 30 days after the service of the request."   Fed. R.

Civ. P. 34(b).   Likewise, a party upon whom interrogatories have been served has 30 days to

respond either by filing answers or objections to the propounded interrogatories.   Fed. R. Civ. P.

33(b).   If the serving party does not receive a response to their interrogatories and request for

production, then the serving party may request an order compelling disclosure.   Fed. R. Civ. P.

37(a).   Whether or not to grant the motion to compel is at the discretion of the trial court.

Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).   The trial court's

exercise of discretion will be sustained absent a find of abuse of discretion to the prejudice of a

party.   Id.

### (1)  Whether Defendant Waived Privilege Claims

The Plaintiff asserts that all claims of privilege must be deemed waived due to

Defendant's failure to provide a privilege log.   The Defendant argues that both sides agreed to

not produce privilege logs; therefore, Plaintiff's motion should be denied.   When a party

withholds information, otherwise discoverable, by claiming privilege or work product, the party

must "describe the nature of the documents, communications, or tangible things not produced or

disclosed . . . without revealing information itself privileged or protected."   Fed. R. Civ. P.

26(b)(5)(A).  This must be done so the other party may assess the claim of privilege.   Id.  This

disclosure is done in the form of a privilege log.[1]   "Failure to provide a privilege log does not

---

[1] For the requirements of a privilege log see Pitts v. Francis, 2008 U.S. Dist. Lexis 41894 at *13 (N.D. Fla. 2008)
("To preserve the privilege, the objecting party must provide a log or index of withheld materials that includes for

result in an automatic waiver of the privilege." Pitts v. Francis, 2008 U.S. Dist. Lexis 41894 at *13 (N.D. Fla. 2008).

Here, Defendants failed to comply with Federal Rule of Civil Procedure 26(b)(5)(B) because they asserted a claim of privilege without providing a privilege log, or any other support for the claim of privilege. Defendant admits to not filing a privilege log, but asserts no privilege log was filed due to "a gentlemen's agreement reached by counsel that no privilege logs would be exchanged *by either party* in this litigation." (Doc. #85 at 2) (emphasis in original). However, the agreement between the parties invalidates Plaintiff's claim that Defendant has waived their privileges. Agreements, such as the above, are not controlling on this Court as the requirement to file privilege logs is not only for the parties, but also for the Court to use in evaluating the sufficiency of a privilege claim. Therefore, the Defendant is still required, by this Court, to complete privilege logs, by **November 15, 2010**, for all documents, communications, and tangible things not produced due to a claim of attorney/client privilege, work product, or other privilege. This applies to any applicable documents, communications, and tangible things irrespective of any additional Court findings or orders below.

### *(2) Plaintiff's Second Request for Production #1, #2, and #3*

The Plaintiff moves the Court to Compel Defendant to answer request #1, #2, and #3 of Plaintiff's Second Request for Production. Production request #1 reads:

> **Each and every e-mail sent from a district manager to the store manager to whom the Plaintiffs reported during the period of time that Plaintiffs served as service managers on or after January 1, 2007.**

(Doc. #75 at 6). Production Request #2 reads:

---

each separate document, the authors and their capacities, the recipients (including copy recipients) and their capacities, the subject matter of the document, the purpose for its production, and a detailed, specific explanation of why the document is privileged or immune from discovery." (citing Universal City Dev. Partners, Ltd. V. Ride & Show Eng'g, 230 F.R.D. 688, 695 (M.D. Fla. 2005))).

>**For each Plaintiff and opt-in Plaintiff in the case to date, each and every e-mail from their district manager during the period of time each Plaintiff worked as a service manager on or after January 1, 2007 to the store at which each Plaintiff worked.**

(Doc. #75 at 6–7).  Production Request #3 reads:

>**Each and every e-mail sent from a district manager to the stores at which Plaintiffs worked during the period of time that Plaintiffs worked as service managers on or after January 1, 2007.**

(Doc. #75 at 7).  The Defendant provided the same response to Requests #1, #2, and #3:

>Goodyear objects to this Request on the grounds that use of the phrase "each and every email" is overbroad and unduly burdensome and this Request seeks information not related to the subject matter of this litigation and that is beyond Goodyear's possession, custody or control. Goodyear also objects to this request as seeking voluminous information that is neither relevant to any issue in this case nor likely to lead to the discovery of admissible evidence.

(Doc #85 at 3).

The Plaintiff argues that Morgan v. Family Dollar Stores, Inc. stands for the premise that the emails requested above should be discoverable.  This Court disagrees.  The Plaintiff is correct in stating that, in Morgan, the Court compelled production of the exact same type of email as requested in the current case.  However, in Morgan, the collective action was brought by store managers, thus making the emails relevant. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1251 (11th Cir. 2008).  In the current case, the collective action is being brought by service managers, not store managers.  Thus, emails between a district manager and the store managers have no established relevance to this case.[2] As for Plaintiff's claim that the "duties, responsibilities and authority of persons occupying positions above (and below) the Plaintiff's position is relevant, the Defendant has already provided job descriptions of the above and below

---

[2] An instruction to limit the scope for Plaintiff's Request for Production #1, #2, and #3 would be inappropriate as Defendant has already turned over "**all relevant district manager e-mails in its possession, custody, or control that are responsive to Request Nos. 4 and 5**," which requested emails, from District Managers to Store Managers, mentioning named Plaintiffs and opt-in Plaintiffs.  (Doc. #85 at 5) (emphasis in original).

positions; therefore, that claim is moot.  (Doc. #85 at 5).   As such, the Motion to Compel

answers to #1, #2, and #3 is due to be denied.

*(3)  Plaintiff's Second Request for Production #6*

The Plaintiff moves the Court to Compel Defendant to answer request #6 of Plaintiff's

Second Request for Production.  Production request #6 reads:

**Employee Statistic Summaries for each store at which Plaintiffs worked as
service managers, for each month that Plaintiffs worked as service managers
on or after January 1, 2010.**

(Doc. #75 at 10).  Defendant objects to Production Request #6 as follows:

Goodyear objects to this Request as vague and ambiguous because, inter alia,
"Employee Statistic Summaries" is an undefined term.  Goodyear further objects
to this Request as irrelevant, overbroad, unduly burdensome, and harassing
because, inter alia, this Request seeks information that is neither relevant to any
issue in this case nor reasonably calculated to lead to the discovery of admissible
evidence because this Request seeks information not related to a time frame
relevant to this litigation.  Goodyear also objects to this Request as seeking the
disclosure of Goodyear's confidential financial information.  Goodyear further
reserves the right to seek sanctions against Plaintiff and Plaintiff's counsel for the
unauthorized misappropriation of Goodyear's confidential financial information.

(Doc. #75 at 11).

Defendant's objections to the above Request are not well taken.  The above request is not

vague or undefined as "Employee Statistic Summaries" (ESS) are a Goodyear produced

document, Defendant acknowledges familiarity with documents in their response, and Plaintiff

has shown an example of an ESS to Defendant.  The request is not overbroad as it covered a

limited period of time.   This Court agrees with the Defendant that the above mentioned

timeframe ("on or after January 1, 2010") does not include any dates relevant to the current

litigation; therefore, requests for ESS after January 1, 2010 is denied.  However, the Plaintiff's

motion indicates the above timeframe should be January 1, 2007 to the present.  (Doc. #75 at

12).  This Court will grant Plaintiff's motion for ESS from January 1, 2007 to December 31, 2009.

However, before any ESS is produced, the parties are to draft a mutually agreed upon Confidentiality Agreement, which shall be filed for the Court's approval by **November 15, 2010**. If a Confidentiality Agreement is not mutually agreed upon by November 15, 2010, the Court will enter its own Confidentiality Agreement.  The Defendant will be required to produce requested ESS for January 1, 2007 to December 31, 2009 **within 10 days of the Confidentiality Agreement being filed**.

*(4)  Plaintiff's First Request for Production #23 and First Set of Interrogatories #20*

The Plaintiff moves the Court to Compel Defendant to answer Plaintiff's First Request for Production request #23, and interrogatory #20 of Plaintiff's first set of Interrogatories. Production request #23 reads:

> **Any and all documents relating to Defendant's good faith defense for its failure to pay overtime wages to Plaintiffs or any service manager.**

(Doc. #75 at 13).  Plaintiff's interrogatory #20 reads:

> **With respect to Defendant's good faith defenses, please identify any and all facts that support such defense, and any and all witnesses who may testify as to such facts which support such defense and any and all documents which support such defense and any attorney consulted or Department of Labor official consulted on the classification regarding an exemption for the assistant manager position and when such legal opinion or DOL opinion was issued to Defendant.**

(Doc. #75 at 13–14).  Defendant opposes the motion to compel request #23 and interrogatory #20 on the basis of mootness.  (Doc. #85 at 7).

While objections were made in the Defendant's initial response to request #23 and the interrogatory #20, in its response to Plaintiff's motion, the Defendant claims it has produced all documents responsive to the request at issue, and all information responsive to the interrogatory

at issue. (Doc. #85 at 7). The Defendant claims all relevant documents were produced, and all relevant information was disclosed on October 14, 2010, via a deposition *duces tecum*. Defendant asserts it has fully disclosed the factual basis for its good faith defenses, leaving nothing else to produce.Accordingly, the Motion, as it relates to these produced documents and the disclosed information, is due to be denied as moot.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Compel Responses to Plaintiff's First and Second Requests for Production and Answers to Plaintiff's First Set of Interrogatories (Doc. #75) is **GRANTED** in part and **DENIED** in part.

(1) Plaintiff's request that all Defendants claims of privilege be waived is **DENIED.**

    (a) Defendant is ORDERED to complete a privilege log for any and all outstanding privilege claims still being raised.

(2) Plaintiff's Motion to Compel answers to requests #1, #2, and #3 of Plaintiff's Second Request for Production is **DENIED.**

(3) Plaintiff's Motion to Compel answers to request #6 of Plaintiff's Second Request for Production is **GRANTED**.

    (a) Plaintiff and Defendant are ORDERED to draft, and submit to the court for approval, a mutually agreed upon Confidentiality Agreement by **<u>November 15, 2010</u>**.

    (b) If a mutually agree upon Confidentiality Agreement is not submitted to the Court by November 15, 2010, the Court will issue its own Confidentiality Agreement.

(c) Defendant is ORDERED to comply with request #6 within **10 days of the filing of a Confidentiality Agreement.**

(4) Plaintiff's Motion to Compel answers to request #23 of Plaintiff's First Request for Production and interrogatory #20 of Plaintiff's First Set of Interrogatories is**DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, this 3rd  day of November, 2010.


SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE


Copies: All Parties of Record