UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WAYNE FIORE, on his own behalf and
others similarly situated,

        Plaintiff,

vs.                                Case No.   2:09-cv-843-FtM-29SPC

GOODYEAR TIRE & RUBBER COMPANY, an
Ohio Corporation,

        Defendant.
_____

**OPINION AND ORDER**

    This matter comes before the Court on defendant's Objection to Order on Plaintiff's Motion for Protective Order Regarding the Location of Opt-In Plaintiff Scott Wandell's Deposition (Doc. #76) filed on October 12, 2010.  Opt-In Plaintiff Scott Wandell filed a Response in Opposition (Doc. #84) on October 21, 2010.

    In an October 1, 2010 Order (Doc. #73), the Magistrate Judge granted in part a protective order by declining to compel an opt-in plaintiff who resides in Texas to come to the Middle District of Florida for a deposition, and further required the deposition to be held in Texas.  The Magistrate Judge found that "forcing an out of state opt-in plaintiff to travel hundreds of miles to take a deposition would undermine the purpose of this collective action, and effectively destroy any benefits gained by proceeding as a class under the [Fair Labor Standards Act] FLSA.  It would be unreasonable to force Wandell to attend a deposition in Tampa,

Florida. Wandell did not choose the Middle District as his forum, the forum was chosen for him." (Doc. #73, p. 3.)

A district court reviews an objection to a non-dispositive order of a magistrate judge to determine whether the order was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Defendant argues that the Magistrate Judge was clearly erroneous and disregarded Middle District of Florida Local Rule 3.04(b), and that Wandell should appear for his deposition in the Middle District of Florida. Because the Order was neither clearly erroneous nor contrary to law, defendant's objection is overruled.

The Court finds that the Magistrate Judge applied the correct law and that her decision was not clearly erroneous. Control of discovery in a civil case is committed to the sound discretion of the court. Chrysler Int'l Corp. v. Chemaly, 280 F.2d 1358, 1360 (11th Cir. 2002). This is the standard recognized by the Magistrate Judge in her Order. (Doc. #73, p. 2.)

A reviewing court applies an abuse of discretion standard in its review of a decision on a motion to compel. Holloman v. Mail-Well Corp., 443 F.3d 832, 837 (11th Cir. 2006). A judge abuses her discretion if she applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008). Additionally,

a court "abuses its discretion when it misconstrues its proper role, ignores or misunderstands the relevant evidence, and bases its decision upon considerations having little factual support." Serra Chevrolet, Inc. v. GMC, 446 F.3d 1137, 1147 (11th Cir. 2006). Absent such situations, discretion means that a magistrate judge is allowed a range of choices, and should not be second-guessed unless the decision reflects a clear error of judgment. Holloman, 443 F.3d at 837.

The Court concludes that the magistrate judge did not abuse her discretion. Control over discovery, including the location of a deposition, is committed to the sound discretion of the Court. The decision was not clearly erroneous, i.e., there has been no showing that the location of the deposition was a clear error in judgment. The Magistrate Judge recognized Local Rule 3.04(b), and stated adequate reasons for her decision as to the location. Her decision is well within the permissible range of choices allowed in the sound exercise of discretion.

The Court does *not* hold that an opt-in defendant cannot be required to give a deposition within this District. The Court only holds that, as to Mr. Wandell, there was no abuse of discretion in requiring a deposition in his home district. If this case is certified as a collective action, there may be other considerations as to the locations of depositions. That issue, however, is not before the Court at this time. The Court also does not necessarily

adopt the FLSA rationale articulated by the Magistrate Judge. (Doc. #73, p. 3.)

Accordingly, it is now

**ORDERED**:

Defendant's Objection to Order on Plaintiff's Motion for Protective Order Regarding the Location of Opt-In Plaintiff Scott Wandell's Deposition (Doc. #76) is **OVERRULED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of November, 2010.

_____
JOHN E. STEELE
United States District Judge


Copies:
Hon. Sheri Polster Chappell
Counsel of record