## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

WAYNE FIORE, on his own behalf and others
similarly situated, and WARNER N. ELKINS,
CHARLES BOGGS, BRENDA D. SMITH,
CASEY HAMLIN, CHRISTOPHER
TIEDEMANN, SCOTT WANDELL, JAMES
BETTS, JUSTIN SPURLOCK, MICHAEL
HOFFMAN, RICHARD ANDERSON, MICHAEL
HONDLIK, SCOTT DUNN, BELA HALMI,
MISTY SANCHEZ, ERIK SHERMAN, APOLO
PLATON, as opt-in plaintiffs,

       Plaintiffs,

-vs-              Case No.  2:09-cv-843-FtM-29SPC

GOODYEAR TIRE & RUBBER COMPANY, an
Ohio Corporation,

       Defendant.

_____

## **ORDER**

    This matter comes before the Court on Defendant's Motion to Compel Plaintiff's In-Person Attendance at Mediation (Doc. #77) filed on October 12, 2010.  Though a response pursuant to Local Rule 3.01 was due to be filed by October 26, 2010, as of the date of this Order the Plaintiff has not filed a response, therefore, the motion is ripe for review.

    The Defendant argues the named Plaintiff, as well as all potential opt-in Plaintiffs, is required under Local Rule 9.05(c) to personally attend the Mediation Conference.[1]  The purpose of mediation is "to provide an alternative mechanism for the resolution of civil disputes leading

---

[1] Local Rule 9.05(c) state in part, "Unless otherwise excused by the presiding judge in writing, all parties . . . shall be present at the Mediation Conference with full authority to negotiate a settlement."

to disposition before trial . . . with resultant *savings in time and costs to the litigants* and to the Court." M.D. Fla. L.R. 9.01(b) (emphasis added). The Court finds the purpose would not be served by requiring all potential opt-in Plaintiffs to personally attend mediation. Thus, the Court, in its discretion, will require the named Plaintiff, Wayne Fiore, to personally attend mediation, but will not require potential opt-in Plaintiffs to personally attend. Should they wish to do so, any potential opt-in Plaintiff may appear at mediation telephonically or personally, but are not required to do so.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Compel Plaintiff's In-Person Attendance at Mediation (Doc. #77) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   5th    day of November, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record