UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WAYNE FIORE, on his own behalf and others similarly situated, and WARNER N. ELKINS, CHARLES BOGGS, ERIC CRONCE, BRENDA D. SMITH, CASEY HAMLIN, CHRISTOPHER TIEDEMANN, SCOTT WANDELL, JAMES BETTS, JUSTIN SPURLOCK, MICHAEL HOFFMAN, RICHARD ANDERSON, MICHAEL HONDLIK, SCOTT DUNN, BELA HALMI, MISTY SANCHEZ, ERIK SHERMAN, APOLO PLATON, as opt-in plaintiffs,

Plaintiffs,

vs.                                  Case No. 2:09-cv-843-FtM-29SPC

GOODYEAR TIRE & RUBBER COMPANY, an Ohio Corporation,

Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment on the Affirmative Defense of Good Faith and the Issue of Liquidated Damages (Doc. #102) filed on November 17, 2010. Defendant filed a Memorandum (Doc. #110) and Response (Doc. #111) in opposition to the motion.[1]

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'genuine' if

---

[1] The Court notes that this violates the "single document" rule under M.D. Fla. R. 3.01(a).

the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010)(citation omitted). A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 378 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "[i]f reasonable minds might differ on the inferences arising from

undisputed facts, then the court should deny summary judgment." St. Charles Foods Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999)(quoting Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296-97 (11th Cir. 1983)). Summary Judgment "may be inappropriate where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts." Warrior, 695 F.2d at 1296. "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., Bibb County, 495 F.3d 1306, 1315 (11th Cir. 2007).

The Court doubts that a summary judgment motion is appropriate on the issues of good faith and liquidated damages prior to a determination of liability.  In any event, there are disputed issues of material fact, and the reasonable inferences to be drawn from the facts, which preclude summary judgment.

Accordingly, it is now

**ORDERED**:

Plaintiff's Motion for Partial Summary Judgment on the Affirmative Defense of Good Faith and the Issue of Liquidated Damages (Doc. #102) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of March, 2011.

*John E. Steele*
JOHN E. STEELE
United States District Judge