UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WAYNE FIORE, on his own behalf and
others similarly situated, and
WARNER N. ELKINS, CHARLES BOGGS,
ERIC CRONCE, BRENDA D. SMITH, CASEY
HAMLIN, CHRISTOPHER TIEDEMANN, SCOTT
WANDELL, JAMES BETTS, JUSTIN
SPURLOCK, MICHAEL HOFFMAN, RICHARD
ANDERSON, MICHAEL HONDLIK, SCOTT
DUNN, BELA HALMI, MISTY SANCHEZ,
ERIK SHERMAN, APOLO PLATON, as opt-
in plaintiffs,

        Plaintiffs,

vs.                Case No. 2:09-cv-843-FtM-29SPC

GOODYEAR TIRE & RUBBER COMPANY, an
Ohio Corporation,

        Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiffs' Motion to Authorize Notice to Potential Class Members (Doc. #26) and Notice of Filing Preliminary Evidence (Doc. #27). Defendant filed a Memorandum in Opposition (Doc. #39), and plaintiffs filed a Reply (Doc. #51). Subsequently, plaintiffs filed a Notice of Supplemental Authorit/Evidence (Doc. #72), and then a Second, Third, and Fourth Notice of Supplemental Authority/Evidence (Docs. ## 81, 124, 125) and defendant filed a Notice of Supplemental Authority in Support (Doc. #86). Also before the Court is

Plaintiffs' Motion to Toll Statute of Limitations (Doc. #82), to which defendant filed a Response (Doc. #96).

**I.**

On December 31, 2009, plaintiff Wayne Fiore (Fiore) filed a Complaint (Doc. #1) against his former employer, defendant Goodyear Tire & Rubber Company (Goodyear), on his own behalf and on behalf of other similarly situated individuals for overtime compensation relief under the Fair Labor Standards Act (FLSA).   In the Complaint, Fiore alleges that he was employed in the Charlotte County, Florida Goodyear store between June 2007 and August 2009; that Fiore performed non-exempt work in a position entitled "Service Manager;" that Fiore was paid on a salaried basis; that Fiore was mis-classified as exempt from the overtime protections of the FLSA; and that Fiore worked more than forty hours in a given week but was not paid time and one-half for the hours in excess of forty.   The Complaint describes the additional persons who may become plaintiffs as other current and former "Service Managers" who worked in excess of 40 hours in a given workweek, on or after January 2007 for Goodyear, in any state across the United States, but did not receive time-and-one-half of their regular rate of pay for all hours in excess of forty hours per week.   Fiore now seeks conditional certification of a class as a collective action, an order permitting notice to putative class members of their right to opt-in, and tolling the statute of limitations as of June 24, 2010.

**II.**

An action to recover unpaid overtime compensation under the Fair Labor Standards Act may be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.   No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."   29 U.S.C. § 216(b).   The purpose of such a collective action is "to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer." Prickett v. Dekalb County, 349 F.3d 1294, 1297 (11th Cir. 2003).

The Eleventh Circuit has sanctioned a two-tiered procedure for certifying such collective actions:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision--usually based only on the pleadings and any affidavits which have been submitted--whether notice of the action should be given to potential class members.

> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. . . .

Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1243 (11th Cir. 2003)(quoting Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001)).  At the notice stage, the Court applies the two-prong test set forth in Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991), satisfying itself that there are other employees who desire to opt in and who are similarly situated with respect to job requirements and pay provisions.  The named plaintiff must show a "reasonable basis" for his claim that there are other similarly situated employees. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008)(citations omitted).  To demonstrate other "similarly situated" employees requires plaintiff to "show only that their positions are similar, not identical, to the positions held by the putative class members."  Hipp, 252 F.3d at 1217 (quotations and citations omitted).  Factors to consider include whether the plaintiffs all held the same job titles, and whether the plaintiffs worked in different geographical locations.  Hipp, at 1219.  At the first stage, the Court applies a "fairly lenient standard" Anderson v. Cagle's Inc., 488 F.3d 945, 953 (11th Cir. 2007), although there must be more than counsel's unsupported assertions, Morgan, 551 F.3d at 1261.

Plaintiff relies on the deposition transcript of Alan Joiner, corporate representative for Goodyear, Goodyear's Retail Service Manager Incentive Plan (Doc. #27-3), Goodyear's Retail Service

Manager Compensation Plan (Doc. 27-4), Goodyear's Service Manager
Seminar Goal & Objectives (Doc. #27-5), Service Manager Training
(Doc. #27-6), Declarations of two plaintiffs (Docs. #27-8, #27-9),
and the deposition of Emily Baranek, head of human resources for
Goodyear's retail stores division (Doc. #81).   In opposition,
defendant submitted the deposition transcripts for opt-in plaintiff
Elkins (Doc. #36) and plaintiff Fiore (Doc. #37), and the Affidavit
of Alan Joiner (Doc. #39-1).  Defendant argues that plaintiffs are
not similarly situated because actual responsibilities and duties
vary from store to store.   Defendant further argues that Fiore's
deposition contradicts his declaration, which lacks credibility and
is not based on personal knowledge, and the other declarations are
by employees that were terminated for fraud (Elkins) or resigned
before they could be terminated for sexual harassment (Boggs).
Additionally, defendant argues that Goodyear stores vary by sales
volume and store size, and different hours of operation, and the
service managers vary in responsibility levels, duties, and working
conditions.  Both sides accuse the other of selective presentation
of the evidence to support their respective positions.

     The Court concludes that Fiore has shown a "reasonable basis"
for his claim that there are other similarly situated employees who
wish  to  opt-in.    Alan  Joiner  testified  that  the  basic
responsibilities and duties for Service Managers are consistent
throughout the 663 stores, although retail locations do not all

have the same hours of operation. (Doc. #27-1, Joiner Dep., 51:20-
21, 24; 53:3-5, May 7, 2010.) Emily M. Baranek testified that the
duties of the service manager are essentially the same regardless
of the store, with one exception. (Doc. #81-1, Baranek Dep. 52:9-
11; 52:25-53:1, Oct. 14, 2010.) The Goodyear written job
description for a "Service Manager" includes functions seemingly
inconsistent with an argument that the Service Manager is an exempt
management employee, e.g., "Follow processes established by
management", "clean and maintain equipment and truck." (Doc. #27-
7, p. 2.) Wayne Fiore testified he spent the vast majority of his
time performing customer service tasks, and was primarily
responsible for taking customer orders, preparing quotes for
customers, making sales, communicating with customers on the phone,
and cashing out customers. There is obviously a cohort of "Service
Managers" who wish to opt-in, since while the motion has been
pending 24 additional individuals filed Consents to join as opt-in
plaintiffs. (Docs. ## 29, 30, 35, 40, 43, 46, 49, 52, 53, 54, 58,
60, 63, 74, 108, 113, 114, 115, 116, 117, 118, 119, 120, 121.) Even
if the Court discredits the declarations submitted by plaintiff,
the testimony of Joiner and Baranek and the documentation
sufficiently establish a reasonable basis to believe that service
managers are similarly situated for purposes of issuing notice.
Given the varying locations of the opt-in plaintiffs to date, the

Court finds that nationwide certification is appropriate for notice purposes.  The motion will be granted.

### III.

Plaintiff also seeks to toll the statute of limitations. Under Title 29, United States Code, Section 255, any cause of action for unpaid overtime compensation under the FLSA,

> (a) . . . may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued. . . .

29 U.S.C. § 255.  Under Title 29, United States Code, Section 256, an action brought under the FLSA is:

> commenced on the date when the complaint is filed; except that in the case of a collective or class action. . . it shall be considered to be commenced in the case of any individual claimant--
>
> > (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
> >
> > (b) if such written consent was not so filed or if his name did not so appear--on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256.  "Congress expressed the concern that an opt-in plaintiff should not be able to escape the statute of limitations bearing on his cause of action by claiming that the limitations

period was tolled by the filing of the original complaint."
Grayson v. K-Mart Corp., 79 F.3d 1086, 1106 (11th Cir. 1996)(citing
93 Cong. Rec. 2,182 (1947)).  Assuming equitable tolling can be
applied, Love v. Phillips Oil, Inc., 3:08-cv-92-MCR-MD, 2008 WL
5157677, *2 (N.D. Fla. Dec. 9, 2008)("The Eleventh Circuit has yet
to address the specific question at issue in this case of whether
the FLSA's statute of limitations may be equitably tolled for
claims of potential opt-in plaintiffs based on a delay in providing
notice."); In re Tyson Foods, Inc., 4:07-MD-1854, 2008 WL 4613654,
*3 (M.D. Ga. Oct. 15, 2008)(same), plaintiff has failed to
demonstrate that extraordinary circumstances warrant a tolling of
the statute of limitations.  Therefore, this request will be
denied.

        Accordingly, it is now

        **ORDERED**:

        1.  Plaintiffs' Motion to Authorize Notice to Potential Class
Members (Doc. #26) is **GRANTED** and a collective action is
conditionally certified as follows:

> All current and former Service Managers who have worked
> in excess of forty (40) hours during one or more
> workweeks **on or after January 2008** for Goodyear Tire &
> Rubber Company in any State across the United States but
> did not receive time and one-half their regular rate of
> pay for all of the hours they worked over forty (40)
> hours in one or more workweeks.

        2.  **On or before April 8, 2011**, defendant shall deliver to
plaintiffs' counsel a list in the form of an Excel spreadsheet on

CD-ROM (or comparable media) containing the full names, and addresses of the putative class members.  Upon delivery of this list, Defendant shall promptly file a notice of compliance with this part of the Court's Opinion and Order.

3.  After Plaintiffs' counsel receives such information from Defendant, Plaintiffs' counsel is authorized to give notice to the individuals in the conditionally certified class and shall do so within a reasonable time, but no later than **May 6, 2011**.  The form of "Notice of Right to Join" and the associated form of "Consent to Join" for individuals in the plaintiff class shall be substantially in the forms **attached** as Exhibit "A" and Exhibit "B", respectively, to this Opinion and Order, shall be mailed via first class U.S. Mail at the sole cost and expense of Plaintiffs to all individuals disclosed by Defendant; shall be dated with the date of mailing; and shall allow each individual up to **ninety (90) days** (the "Opt-In Period") from the date of mailing in which to return a "Consent to Join" form to Plaintiffs' counsel. Upon mailing the "Notice of Right to Join," Plaintiffs' counsel shall promptly file a notice of compliance with this part of the Court's Opinion and Order. Defendant shall also post a form of the Notice, substantially in the form set forth in Exhibit "A", in a conspicuous place at each retail store where current service managers employees can see and review it for the duration of the Opt-In Period.

4.   During the allowed period for response to this initial mailing, should the initial "Notice of Right to Join" mailed to any individual be returned as un-deliverable, the parties shall promptly cooperate and exchange such additional information in their custody or control, or in the custody or control of their agents, as may reasonably be available to identify a better address for each such individual, including but not limited to social security numbers, to assist in the search for better addresses.  To the extent that it is feasible, but in no event later than the end of the allowed period for response to the initial mailing, Plaintiffs' counsel shall, at the sole cost and expense of Plaintiffs, re-mail one time the "Notice of Right to Join" to each such individual.  For each re-mailed "Notice of Right to Join," it shall be in the form set forth above; shall be re-dated with the date of re-mailing, and shall give the individual up to the same deadline allowed for response to the initial mailing to return a "Consent to Join" and no additional time.

5.   Each "Consent to Join" returned to Plaintiffs' counsel shall be deemed timely if post-marked, or delivered to a commercial carrier who provides a receipt, within the allowed period.

6.   Individuals who timely opt into this collective action pursuant to this Court supervised notice procedure shall be deemed joined as opt-in plaintiffs for all purposes under the Federal Rules of Civil Procedure and under the orders of this Court through

trial and appeal, if any, subject to any motion for decertification or representative discovery, and may be represented at any settlement, mediation or trial by the named Plaintiffs(s) at the time, pending further orders of the Court.

7.   Plaintiffs' Motion to Toll Statute of Limitations (Doc. #82) is **DENIED**.

8.   Defendant's *Unopposed* Motion for Enlargement of Time to Respond to Plaintiffs' Motion to Toll Statute of Limitations (Doc. #88) is **DENIED** as moot.

9.   In light of the deadlines above, the parties shall submit a Second Amended Case Management Report within **FOURTEEN (14) DAYS** of this Opinion and Order suggesting new deadlines.

**DONE AND ORDERED** at Fort Myers, Florida, this ___10th___ day of March, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record