**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

WAYNE FIORE, on his own behalf and other similarly situated,

        Plaintiff,

-vs-                                      Case No.  2:09-cv-843-FtM-29SPC

GOODYEAR TIRE & RUBBER COMPANY, an Ohio Corporation,

        Defendants.
_____

**ORDER**

This matter comes before the Court on Plaintiff Wayne Fiore's Motion to Compel Document Production Pursuant to Defendant's Response to Plaintiff's Sixth Request for Production (Doc. #154) filed on September 26, 2011.  As of the date of this Order the Defendant has filed nothing in response within the time allowed by Local and Federal Rules, and the Motion is therefore ripe for review.

**Discussion**

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Courts interpret relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  Discovery requests are not only limited to the issues raised in the pleading, nor limited only to evidence that would be admissible at trial.  Id.  However, "discovery, like all matters of procedure, has ultimate and necessary

boundaries." Id. "Courts have long held that '[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to roam in the shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it might conceivably become so.'" Henderson v. Holiday CVS, L.L.C., 2010 U.S. Dist. Lexis 80660 at *6 (S.D. Fla. Aug. 9, 2010) (quoting Food Lion, Inc. v. United Food & Commercial Workers Intern. Union, 103 F.3d 1007, 1012–13 (D.C. Cir. 1997)). "[T]he Federal Rules of Civil Procedure allow for broad discovery that does not need to be admissible at trial." Martin v. Zale Delaware, Inc., 2008 WL 5255555, *2 (M.D. Fla. Dec. 25, 2008) (citing Fed. R. Civ. P. 26(b)).

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise, a party upon whom interrogatories have been served has 30days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

The Plaintiff is asking this Court to compel Defendant to answer request #1 of Plaintiff's Sixth Request for Production. Request #1 reads in pertinent part:

> **Request No. 1**: For each plaintiff and opt-in Plaintiffs (as identified on the attached list of opt-ins to date), please produce the following:
>
> > **a.** Payroll ledger for any and all weeks of employment as a service manager within the 3 year statute of limitations (i.e. relating back 3 years from the date of each opt-in plaintiffs consent to join and relating forward thru the present to the extent still employed in a service manager position with Goodyear).

>    **b.** Kronos records for any all weeks of employment for the period of time after Kronos was implemented.

(Doc. #154). Plaintiff states that Defendant responds to the Production Request #1 as follows:

>    **Goodyear's response**: Defendant "will produce responsive documents, if any, . . . at a mutually convenient time and place."

(Doc. #154). Plaintiff contends that Defendant has not objected to the single request in Plaintiff's Sixth Request for Production and in fact agreed to produce the responsive documents. However, to date, Defendant has failed to produce any of the responsive documents.

The documents requested in the single request are due to be produced as the information is relevant to the Plaintiff's claims under the Fair Labor Standards Act. The Court finds that this Request is relevant as Plaintiff's Complaint alleges that Plaintiff, and other employees similarly situated to Plaintiff, regularly worked in excess of forty (40) hours in one or more work weeks and were not paid time and a half wages for all of the overtime hours worked. (Doc. #1, ¶¶11-13). Plaintiff's request would be relevant to Plaintiff's claim because it requests time logs depicting the hours worked by Plaintiff and others similarly situated to Plaintiff, and such employee records are relevant in a FLSA case. Further, the Defendant has agreed to produce the documents. Thus, the Court finds good cause to grant the Motion to Compel.

In addition to the Motion to Compel responses to the request for production of documents, the Plaintiff also moves for sanctions pursuant to Fed. R. Civ. P. 37(a)(4)(A). Under Rule 37, the Court may deny a request for expenses "if it determines that opposition to the motion was substantially justified or that other circumstances would make an award of expense[s] unjust." Reedy v. Lull Engineering Co., Inc., 137 F.R.D. 405, 409 (M.D. Fla. 1991). At this point in the

proceedings, the Court does not find just cause that would require the Court to impose attorney's fees and sanctions.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Compel Document Production Pursuant to Defendant's Response to Plaintiff's Sixth Request for Production (Doc. #154) is **GRANTED** in part and **DENIED** in part.

(1) Plaintiff's Motion to Compel is **GRANTED** and Defendant shall produce documents responsive to Plaintiff's Sixth Request for Production on or before **November 1, 2011.**

(2) Plaintiff's request for reasonable attorneys fees and costs for bringing this motion is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of October, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record