UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WAYNE FIORE, on his own behalf and others
similarly situated, and WARNER N. ELKINS,
CHARLES BOGGS, ERIC CRONCE, BRENDA
D. SMITH, CASEY HAMLIN, CHRISTOPHER
TIEDEMANN, SCOTT WANDELL, JAMES
BETTS, JUSTIN SPURLOCK, MICHAEL
HOFFMAN, RICHARD ANDERSON, MICHAEL
HONDLIK, SCOTT DUNN, BELA HALMI,
MISTY SANCHEZ, ERIK SHERMAN, APOLO
PLATON, as opt-in plaintiffs,

                          Plaintiffs,

-vs-                                                                 Case No. 2:09-cv-843-FtM-29SPC

GOODYEAR TIRE & RUBBER COMPANY, an
Ohio Corporation,

                          Defendant.
_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Plaintiff, Wayne Fiore's Motion for Leave to Amend the Complaint to Add State Law Claims Pursuant to Federal Rule of Civil Procedure 23 (Doc. #159) filed on October 10, 2011. The Defendant, Goodyear Tire and Rubber Company filed its Response in Opposition (Doc. # 168) on November 9, 2011. The Plaintiffs filed their Reply Brief (Doc. # 171) on November 22, 2011. The Defendant filed its Sur-Reply (Doc. # 177) on December 5, 2011. The Parties participated in a second mediation on December 20, 2011, and filed a

Mediation Report with the Court on December 30, 2011, stating the mediation ended in an impasse. (Doc. # 184). The Motion is now ripe for the Court's review.

## FACTS

This case originated as a claim for lost wages and overtime compensation pursuant to the Fair Labor Standards Act (FLSA) 29 U.S.C. § 216(b). The Plaintiff and those Opt- In Plaintiffs who are similarly situated worked for the Defendant as service managers from June 2007 through August 2009. The Plaintiffs allege the Defendant paid them on a salaried basis and mis-classified them as exempt from the overtime protections provided by the FLSA. On March 10, 2011, the Court conditionally certified the case as a collective action under the terms of the FLSA. To date approximately 278 out of a potential pool of approximately 1530 current and former Goodyear service managers have opted-in.

The Plaintiff now moves the Court for leave to amend the Complaint and add state law class action claims under Fed. R. Civ. P. 23, in eight (8) states. Specifically, the Plaintiff seeks to add class action state law claims for New York, Ohio, North Carolina, Pennsylvania, New Jersey, Massachusetts, Maryland and Washington. As grounds, the Plaintiff states that it would be impractical to bring the various state law claims in separate actions and therefore, the Court should accept supplemental jurisdiction over the various state law claims.

## DISCUSSION

Under rule 15(a), a party may amend the party's pleading as a matter of course within twenty-one (21) days after serving it or if the pleading is one which a responsive pleading is required twenty-one (21) days after service of the responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), (e), or (f) whichever, is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise,

the Party must seek leave of court or written consent of the adverse party in order to amend the pleading. Fed. R. Civ. P. 15(a)(2). "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Alabama Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001). However, pursuant to Fed. R. Civ. P. 15(a), timely motions for leave to amend are held to a very liberal standard and leave to amend should be freely given when justice so requires. Senger Brothers Nursery, Inc. v. E.I. Dupont De Nemours & Company, 184 F.R.D. 674, 678 (M.D. Fla 1999). Thus, Rule 15(a) limits the court's discretion by requiring that leave to amend must be "freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962); Nat'l. Independent Theatre Exhibitors, Inc. v. Charter Financial Group, Inc., 747 F.2d 1396, 1404 (11th Cir. 1984). As a result, the Court must provide substantial justification if the Court denies a timely filed motion for leave to amend. Laurie, 256 F.3d at 1274. "Substantial reasons justifying a denial include 'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of allowance of the amendment.'" Id.

The Defendant argues that the state law claims arising from Fed. R. Civ. P. 23 class action opt-out requirement is incompatible with the FLSA § 216(b) active opt-in requirement and therefore, the Amended Complaint would thwart the Congressional intent included in the FLSA's opt-in provision. The Defendant further argues the state law claims would substantially predominate over the FLSA claims because of the potential number of class members from the (8) eight states at issue in the Motion.

## (1) Whether the Rule 23 State Law Claims Class Action would Predominate over the FLSA

The Plaintiffs argue the FLSA claims and state law claims arise from the same employment relationship, involve similar witnesses, presentation of similar evidence and the determination of very similar facts and that the Rule 23 class action opt-out requirement and the FLSA opt-in requirement are compatible.

The Court has jurisdiction over the Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331. The doctrine of supplemental or pendant jurisdiction authorizes this Court to exercise jurisdiction over the plaintiffs' state law claims. Vitola v. Paramount Automated Food Services, Inc., WL 3242011 *5 -6 (S.D. Fla. October 6, 2009) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L. Ed.2d 218 (1966)). The Eleventh Circuit has articulated a two-fold inquiry to determine whether a jurisdictional basis exists to support a plaintiff's state law claim in federal court. Baggett v. First Nat. Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir.1997). First, the Court must decide whether it has the power to hear the state law claims. Second, the Court must decide in its discretion if it will retain jurisdiction over the state law claims. Id. (citing United Mine Workers v. Gibbs, 383 U.S. 715, 725–726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)); 28 U.S.C. §§ 1367(a) and (c).

The authority for the Court to assert its power to hear state law claims resides within 28 U.S.C. § 1367(a), which provides in part that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the **same case or controversy** under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (emphasis added). "The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative facts with a substantial federal claim." Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 742–43 (11th Cir.2006); *see* Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218; Palmer v. Hosp. Auth. of Randolph County, 22 F.3d 1559, 1563–64 (11th Cir.1994).

In the instant matter, the Court believes based on the pleadings and memoranda of law that the Plaintiffs' state law claims arise from the Plaintiffs' employment relationship with the Defendant and share a common nucleus of operative fact with the FLSA claims such that they form part of the same case or controversy. Thus, the Court must determine if it should take supplemental jurisdiction over the state law class action claims.

There are four instances in which the Court, in its discretion, may decline to exercise supplemental jurisdiction over a claim. 28 U.S.C. § 1367(c). These four instances, codified in 28 U.S.C. § 1367(c), are as follows:

> (1) the claim raises a novel or complex issue of State law claims
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). "Any one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims." Parker, 468 F.3d at 743.

The Defendant argues the proposed class action claims pursuant to eight (8) different states' laws will substantially predominate the original FLSA claim and thus the Motion should be denied. Generally a district court deciding whether to exercise supplemental jurisdiction over a state claim will find substantial predomination where the state claim constitutes the real body of the case, to which the federal claim is only an appendage. De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 310-311 (3d Cir. 2003). The issue then becomes whether the size of the prospective class would overwhelm the size of the federal opt-in class. Id. at 311. The De Asencio Court noted "[p]redomination under section 1367 generally goes to the type of claim and not the number of parties involved. But the disparity in numbers of similarly situated plaintiffs may be so great that it becomes dispositive by transforming the action to a substantial degree, by causing the federal tail represented by a comparatively small number of plaintiffs to wag what is in substance a state dog." Id.

The Plaintiff argues from Scantland v Jeffrey Knight, Inc., 2010 WL 4117683 (M.D. Fla. September 29, 2010) that this Court allows such hybrid actions that include both FLSA claims and Rule 23 class action wage and hour claims under state law. While it is true this Court has allowed both claims to be brought in a single action, the Scantland Court was only dealing with the State of Florida law. In the instant case, each of the (8) eight states have separate wage and hour requirements and remedies. Trying to determine different remedies and calculate damages based upon the different laws from the eight (8) states as proposed by the Defendant would substantially predominate over the instant FLSA claim. Such disparity in damage and remedy calculations would

create a complex and novel issue of State law claims that would substantially predominate the FLSA claim.

Moreover, the total number of opt-in Plaintiffs at this time is 278 out of 1,530 potential opt-in class members. Based upon the size of the total potential Rule 23 class from the states involved, it appears that the number of class members would overwhelm the number of Opt-In Plaintiffs already in the action.

Thus, it is respectfully recommended that the Court should decline to accept supplemental jurisdiction over the proposed state law Rule 23 class action claims.

*(2) Whether the FLSA Claim and the Rule 23 State Law Class Action are Irreconcilable*

The Defendant also argues that the proposed Fed. R. Civ. P. 23 class action opt-out claim is incompatible with the FLSA's opt-in requirement and therefore, the Motion should be denied. Under a Fed. R. Civ. P. 23 class action, all similarly situated plaintiffs are included in the claim and must specifically determine to opt-out of the class. Under 29 U.S.C. § 216(b), of the FLSA the plaintiffs must take an affirmative step and specifically determine to opt-in to the case. Thus, under § 216(b), the case does not become a class action until potential similarly situated plaintiffs choose to opt-in to the case. The Plaintiff argues that the claims are compatible.

The opt-in requirement was put in place by Congress to "eradicate the problem of totally uninvolved employees gaining a recovery as a result of some third party's action in filing suit." Cameron-Grant v. Maxim Healthcare Services, Inc., 347 F.3d 1240, 1249 (1th Cir. 2003). The Fifth Circuit has held that the FLSA's opt-in requirement and Rule 23's opt-out requirement are incompatible and mutually exclusive. Resneck v. Oppenheimer & Co. Inc., 2008 WL 113665 * 4

(S.D. Fla. January 8, 2008) (citing LaChapelle v. Owens-Illinois, Inc., 513 F. 2d 286, 289 (5th Cir. 1975) (holding that Rule 23 opt-out actions and FLSA opt-in claims are mutually exclusive and irreconcilable).[1] Furthermore, courts have found that a class asserting claims under the wage and hour laws of multiple states lack commonality and cannot be formed as a class action. Clausnitzer v. Federal Express Corp., 248 F.R.D. 647, 659 (S.D. Fla. 2008) (citing Luciano v Eastman Kodak, Co., WL 2006 1455477 * 3 (W.D.N.Y. May 25, 2006) (finding the wage and hour case lacked commonality because each of the thirty-four states involved had different requirements and remedies under their respective state wage and hour laws). Thus, FLSA's opt-in requirement is not compatible with the opt-out requirement of Fed. R. Civ. P. 23.

## CONCLUSION

The Motion to Amend the Complaint and add eight (8) state law claims as a class action under Fed. Civ. R. P. 23 should be denied because the Rule 23 Class Action opt-in requirement is mutually exclusive and irreconcilable with the opt-in requirement in the FLSA. Further if the Rule 23 class action were added to the Complaint it would substantially predominate the FLSA claim because of the potential number of class members and the differences calculating damages between the various state wage and hour laws.

Accordingly, it is now

**RESPECTUFLLY RECOMMENDED:**

---

[1] Decisions made by the Fifth Circuit Court of Appeals prior to October 1, 1981, are binding precedent upon this Court. Bonner v City of Pritchard, 661 F. 2d 1206, 1209 (11th Cir. 1981).

The Plaintiff, Wayne Fiore's Motion for Leave to Amend the Complaint to Add State Law Claims Pursuant to Federal Rule of Civil Procedure 23 (Doc. #159) should be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14) days** from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended at Fort Myers, Florida, this ___11th___ day of January, 2012.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record