UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**WAYNE FIORE, WARNER N. ELKINS, CHARLES BOGGS, ERIC CRONCE, CASEY HAMLIN, CHRISTOPHER TIEDEMANN, JUSTIN SPURLOCK, MICHAEL HOFFMAN, MICHAEL HONDLIK, BELA HALMI, MISTY SANCHEZ, ERIK SHERMAN, RICHARD ANDERSON and SCOTT WENDELL, on his own behalf and others similarly situated**

       **Plaintiffs,**

**V.**                                                                          **Case No:  2:09-CV-843-FtM-29SPC**

**GOODYEAR TIRE & RUBBER COMPANY**

       **Defendant.**

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Plaintiff, Wayne Fiore, on his own behalf and others similarly situated, and the Defendant, Goodyear Tire & Rubber Company's Joint Motion to Approve Settlement (Doc. #208) filed on May 3, 2012.  This case was brought under the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et. seq*.  The Parties have reached a settlement agreement and seek court approval of that agreement.  In Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1355 (11th Cir. 1982),  the Eleventh Circuit explained that claims

1

for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." There are two ways for a claim under the FLSA to be settled or compromised. Id. at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. Id. at 1353. The second is under 29 U.S.C. §216(b), when an action is brought by employees against their employer to recover back wages. Id. When the employees file suit, the proposed settlement must be presented to the district court for the district court review and determination that the settlement is fair and reasonable. Id. at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit,

> [p]rovides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354.

In this case, the Parties have agreed to a settlement amount of $1,695,000.00, to the Plaintiffs in full and final satisfaction of their FLSA claim, including their claims for attorney's fees and costs. The Plaintiffs, Wayne Fiore, and others similarly situated, have agreed to accept $895,036.41 in back wages and liquidated damages, as a full and fair settlement of their FLSA

2

claims.[1] Counsel for the Plaintiffs, Gregg I. Shavitz, of the law firm Shavitz Law Group, PA., shall receive $730,000.00 in attorney's fees and the sum of $69,963.59 as costs for a total of $799,963.59. Counsel indicates the attorney's fees were negotiated separately from the Plaintiff's settlement without regard to the amount paid to the Plaintiffs in settlement of their FLSA claim.

In the Joint Motion for Approval submitted by the Parties, (Doc. # 208), the Parties agree that the Plaintiffs have been offered a fair and reasonable settlement, with compromise, for all the work performed on Defendants' behalf, and that the settlement between the Parties constitutes a fair and reasonable resolution of a bona fide dispute over FLSA issues. Thus, having thoroughly reviewed the settlement documentation, the Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA. Further, pursuant to Fed. R. Civ. P. 41, the Court finds that this case should be dismissed with prejudice as to Defendant, Goodyear Tire and Rubber Company.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

(1) The Plaintiff Wayne Fiore on his own behalf and others similarly situated and the Defendant, Goodyear Tire & Rubber Company's Joint Motion to Approve Settlement (Doc. #208) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court.

---

[1] For a detailed breakdown of the settlement amount each Plaintiff received under the terms of the settlement agreement see (Doc. # 208-1, pp. 10-15).

(2) It is further respectfully recommended the case should be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk should be directed to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this 9th Day of May, 2012.


SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record